

**BARRON & NEWBURGER, P.C.**

Mitchell L. Williamson

*Of Counsel, Licensed in New Jersey & New York*
Phone: (732) 630-5970 | Fax: 845-499-2992 | mwilliamson@bn-lawyers.com

April 30, 2023

*Via ECF*
Honorable Karen M. Williams, U.S.D.J.
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

     Re:   **Ayanna Green as assignee of Gznee Cooper v.Credit Collection Services, Et al**
           United States District Court for the District Of New Jersey (Camden)
           1:23-cv-01163-KMW-EAP

Dear Judge Williams:

The undersigned represents Defendant Account Resolution Services, LLC ("ARS") in the above referenced matter. Please accept this letter memorandum[1] in lieu of a more formal brief as Defendant's response to the "Advisement Pursuant to Court Order to Clarify Status of Ayanna Greene in Relation to This Case," ("Advisement") (D.E. 12) filed in response to Your Honor's Order to Show Cause ("OTSC") issued April 13th. (D.E. 10).

A review of Ms. Greene's "Advisement" leaves open the question of whether she is arguing she can proceed as Ms. Cooper's "Attorney in Fact" or in the alternative she is claiming that Ms. Cooper has assigned her cause of action pursuant to the FDCPA, 15 USC 1692e(8).[2] Given the fact that the Court already addressed the "attorney in fact" argument, the undersigned will focus on the assignment issue.

**Regarding the Issue of Assigment**
Ms. Greene's argument that Gznee Cooper's cause of action for a violation of the FDCPA was assigned to her, and that she can now proceed to bring the action on her own behalf, fails for the following reasons. In her support of this proposition, Ms. Greene only cites Oklahoma case law and statutes. Unfortunately, she is attempting to follow a discredited course of action designed by one Vance Dotson. This assertion is supported by the fact that Ms. Green appears to have copied, at least the first paragraph of the 2nd page of her Advisement, from a brief submitted by Mr. Dotson in another matter.

By way of explanation, Mr. Dotson has unsuccessfully been pursuing the idea he can obtain other parties claims under the FDCPA or FCRA for several years now in Oklahoma and Texas. The

---

[1] <u>Atkins v. United States</u>, 1990 U.S. Dist. LEXIS 11310, at *8 n.4 (D.N.J. Aug. 27, 1990)
[2] It does not appear that there are any allegations against ARS pursuant to the Fair Credit Reporting Act, 15 USC §1681e(b)


Hon. Karen M Williams, U.S.D.J.
April 30, 2023
Page 2

following matters have all rejected this premise. e.g. *Dotson v. Pennsylvania Higher Educ. Assistance*, 2022 U.S. Dist. LEXIS 91919 (W.D. Okla. May 23, 2022); *Young v. Portfolio Recovery Assocs., LLC*, 2022 U.S. Dist. LEXIS 106989 (E.D. Tex. May 20, 2022), adopted by 2022 U.S. Dist. LEXIS 107209 (E.D. Tex. June 15, 2022); *Dotson v. GLA Collection Co. Inc.,* 2022 U.S. Dist. LEXIS 86604 (W.D. Okla. May 11, 2022); *Dotson v. Transworld Sys.*, 2022 U.S. Dist. LEXIS 120649, at *1-7 (W.D. Okla. July 8, 2022); *Lottie v. Midland Credit Mgmt.*, 2022 U.S. Dist. LEXIS 111315, at *1-5 (W.D. Okla. June 23, 2022); *Dotson v. Credit Bureau Servs. Ass'n*, 2022 U.S. Dist. LEXIS 115323, at *1-5 (W.D. Okla. May 25, 2022); *Dotson v. Awa Collections*, 2022 U.S. Dist. LEXIS 87958, at *1-5 (W.D. Okla. May 9, 2022).

The rationale cited by the various courts is that is that an FDCPA or FCRA claim, is essentially a claim sounding in tort. See *Dotson v. AWA Collections*, 2023 U.S. App. LEXIS 9729, at *10 (10th Cir. Apr. 24, 2023) (confirming that FDCPA claims sounded in tort; consequently, they could not be assigned per Okla. Stat. tit. 12, § 2017 (D) "The assignment of claims not arising out of contract is prohibited.") This theory Ms. Green relys on has also been rejected by courts in other parts of the country, see *Todd v. Franklin Collection Serv., Inc.*, 694 F.3d 849, 851-52 (7th Cir. 2012); *Jones v. Credit Control Corp.*, 2022 U.S. Dist. LEXIS 155669, at *8 (E.D. Va. Aug. 29, 2022) for the same reasons as discussed.

New Jersey follows a similar rule:

> Because the statute [ N.J.S.A. 2A:25-1] is silent on tort claims, New Jersey courts have inferred that the Legislature did not intend for tort claims to be assignable prior to the entry of judgment. *Vill. of Ridgewood v. Shell Oil Co.,* 289 N.J. Super. 181, 195, 673 A.2d 300 (App. Div. 1996)(holding that a tort claim cannot be assigned prior to judgment).

*Wachovia Bank, N.A. v. Weiner,* 2012 N.J. Super. Unpub. LEXIS 236, at *9 (Super. Ct. App. Div. Feb. 10, 2012). See also *Integrated Sols. v. Serv. Support Specialties*, 124 F.3d 487, 490 (3d Cir. 1997) ("Because the statute does not address causes of action arising from tort claims, we look to case law for guidance. New Jersey courts have consistently held that, as a public policy matter, tort claims cannot be assigned before judgment.") Based on a failed to comply with the Court's OTSC, this claim should be dismissed at this time. Thank you for your consideration of this matter.

                    Respectfully submitted,
                    BARRON & NEWBURGER, P.C.
                    *Mitchell Williamson*
                    Mitchell L Williamson

cc:    All Counsel of record via ECF /
        Plaintiff via email support@nettiaconsulting.com